UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2012 FEB -9 P 3:10

US DISTRICT COURT
HARTFORD CT

MALCOLM ABDUL RAHMEEN,
  plaintiff,

v.

MALDONADO, et al.,
  defendants.

:  PRISONER
:  Case No. 3:11-cv-1569(AVC)

### INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at Northern Correctional Institution ("Northern") in Somers, Connecticut, has filed a complaint pro se pursuant to 42 U.S.C. § 1983 (2000). He has also has filed five motions to amend his complaint and a motion to consolidate this case with another case he has filed, bearing docket number 3:11cv346(AVC).

The plaintiff's fifth motion to amend [**Doc. #10**] is **GRANTED**. The first four motions to amend [**Docs. ##4,6,7,8**] are **DENIED** as moot. In his original complaint, the plaintiff named three defendants, Richard Furey, Mark Frayne and Warden Maldonado. In his fifth proposed amended complaint, he has withdrawn all claims against these defendants. Thus, the court considers all claims in the original complaint to be abandoned. The court considers the claims in the proposed fifth amended complaint in this order.

In the fifth proposed amended complaint, the plaintiff names the following four defendants: Paul Germond, Diane, Cheviler and

Cupas. He describes the defendants, Germond, Diane and Cheviler, as supervisory correctional officers at Northern Correctional Institution and the defendant, Cupas, as a dental surgeon. Each defendant is named in his or her individual capacity only.

Pursuant to 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v.

KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

In his fifth proposed amended complaint, the plaintiff alleges that after he had complied with verbal orders and posed no threat, he was placed in restraints in a strip cell. Defendant Germond allegedly subjected the plaintiff to this on February 11, 2011, defendant Diane on December 11, 2010, and defendant Cheviler on March 31, 2011. In addition, in November 2011, the plaintiff requested that a tooth be extracted. Although the defendant, Cupas, received this request on November 3, 2011, the procedure was not performed for over two and one-half months. During that time, the plaintiff experienced severe pain in his neck jaw and temple, headaches and sleep deprivation.

The plaintiff characterizes his claims as Eighth Amendment claims for use of excessive force and denial of proper dental treatment. The court concludes that, at this time, the case should proceed with the plaintiff being afforded an opportunity to address the defendant's response to his allegations.

The plaintiff also seeks to consolidate this case with a prior case he filed in federal court. In the prior case, Civil No. 3:11cv364, the plaintiff challenges a specific incident occurring in March 2011. Because this action encompassed a much longer time period, including this case with the prior action would unduly complicate that case. The plaintiff's motion to

consolidate [**Doc. #5**] is **DENIED**.

**ORDERS**

In accordance with the foregoing analysis, the court enters the following orders:

(1) The plaintiff's fifth motion to amend [**Doc. #10**] is **GRANTED**. The clerk is directed to separately docket the proposed amended complaint attached to the fifth motion to amend and to terminate Furey, Maldonado and Frayne as defendants in this case.

(2) The plaintiff's first four motions to amend [**Docs. ##4,6,7,8**] are **DENIED** as moot. The court will not grant any further motions to amend unless "justice so requires." Fed. R. Civ. P. 15(a)(2). The motion to consolidate [**Doc. #5**] also is **DENIED**.

(3) **The pro se prisoner litigation office shall** verify the current work addresses for defendants Paul Germond, Diane, Cheviler and Cupas and mail a waiver of service of process request packet, containing the amended complaint, to them within **fourteen (14) days** of this order. The pro se prisoner litigation office shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the pro se prisoner litigation office shall make arrangements for in-person service by the U.S. marshals service on the defendant in his individual capacity and the defendant shall be required to pay the costs of

4

such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) **The pro se prisoner litigation office shall** send a courtesy copy of the amended complaint and this ruling and order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) **The pro se prisoner litigation office shall** send written notice to the plaintiff of the status of this action, along with a copy of this order.

(6) **The defendants shall** file their response to the amended complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims. They also may include any and all additional defenses permitted by the federal rules.

(7) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(8) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(9) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or

the response is not timely, the dispositive motion can be granted absent objection.

Entered this 9th day of February 2012, at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ
_____
Alfred V. Covello
United States District Judge